UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>  Plaintiff,<br>v.<br>STATE OF NEVADA et al.,<br><br>  Defendants. | Case No. 2:15-cv-02358-MMD-PAL<br><br>ORDER |

**I.    DISCUSSION**

On May 20, 2016, the Court issued a screening order granting Plaintiff's application to proceed *in forma pauperis* and dismissing the complaint with prejudice in its entirety for maliciousness (Count I) and for failure to state a claim (Counts II and III). (ECF No. 3 at 6-7.) The Clerk of the Court entered judgment the same day. (ECF No. 4.)

On June 8, 2016, Plaintiff filed an "objection" to the screening order. (ECF No. 6.) The Court interprets the "objection" as a motion for reconsideration. In the motion for reconsideration, Plaintiff argues that Count I is not duplicative of his claims in his other lawsuits because "this is the only case where [he alleged that his] money [had been] taken illegally" by Defendant Nash. (ECF No. 6 at 1.) Plaintiff also asserts that the Court erred on page 4, line 17 of the screening order because it incorrectly specified the amount that Plaintiff owed. (*Id.*) Plaintiff lastly asserts that he did state a claim for retaliation because Defendants Adams and Nash illegally took his money "not once but several times." (*Id.*) Plaintiff argues that the Court has engaged in a "wrongful reading" of his complaint. (*Id.*)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

After reviewing Plaintiff's "objections," the Court denies Plaintiff's motion for reconsideration because the Court did not commit clear error in its screening order. First, Plaintiff has raised the claim that Nash had taken his money illegally in two other lawsuits. (*See* Case No. 2:15-cv-1402-JAD-VCF, ECF No. 6 at 6; Case No. 2:15-cv-2082-JCM-VCF at ECF No. 8 at 18). Thus, the Court did not err in finding that Count I was duplicative and dismissing the claim as malicious.

Second, the Court interpreted the allegations in Plaintiff's complaint as stating that "Plaintiff showed Adams NRS § 209.246 and an attorney general opinion which stated that Plaintiff should pay $2000." (ECF No. 3 at 4.) Plaintiff states that his complaint stated that the attorney general said he should pay $400 not $2000. (ECF No. 6 at 1.) Upon a review of the complaint, the Court finds that Plaintiff's complaint did say "[Plaintiff] should pay $400.00 [not] $2000.00." (ECF No. 5 at 5.) Nonetheless, whether the amount was $400 or $2000, Plaintiff still fails to state a colorable claim for due process and retaliation against Adams.

Finally, Plaintiff has not demonstrated that his complaint states a colorable claim for retaliation. Thus, the Court finds that it did not commit clear error in its screening order and denies the motion for reconsideration (ECF No. 6).

///

## II. CONCLUSION

For the foregoing reasons, it is ordered that the "objection" to the screening order (ECF No. 6) is interpreted as a motion for reconsideration.

It is further ordered that the motion for reconsideration (ECF No. 6) is denied.

DATED THIS 17th day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE